IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

In Re:                                                   BK:     16-00909-KL1-13
Brian Keith Cooper
Debtor

**AGREED ORDER APPROVING COMPROMISE AND SETTLEMENT OF CLAIM FOR INSURANCE PROCEEDS, TO USE CASH PROCEEDS, OBTAIN CREDIT AND MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INLAND BANK FUNDING AS A LONG TERM CLAIM PER § 1322(b)(5)**

BY AGREEMENT OF THE DEBTORS AND CHAPTER 13 TRUSTEE, evidenced by the signatures entered below respectively, it is hereby agreed that:

IT IS, THEREFORE, ORDERED:

1. The secured lien held by Spring Leaf (Ecf No. 3) Trustee claim no 6) shall receive the approximate payoff of $5,299.53. The remaining balance of insurance proceeds in the approximate amount of $1,450.47 shall be applied to the Debtors Chapter 13 plan. The 2004 Nissan Xterra has been declared a complete loss.

2. Springleaf is required to endorse the insurance check and pay to the Trustee and Springleaf will provide an guarantees of title.

3. The insurance company TN Farm Bureau shall mail the insurance proceeds directly to the Chapter 13 Trustee.

4. The Debtors are authorized to finance with Inland Bank in the amount of $11,930.19 at a rate of 22%, to be paid by the Trustee with an ongoing monthly payment of $329.59 beginning 07/15/2016 as a Class **3** creditor upon the filing of an approved Proof of Claim.

5. The payroll deduction order shall be modified to increase the Debtors' payments to the Trustee from $280.00**monthly** to **$531.00monthly**. The minimum base shall be increased

plan provisions of the Order confirming the Debtors' Chapter 13 plan remain unaffected by this Agreed Order.

6. Debtors shall maintain full coverage insurance on the motor vehicle and list Inland Bank as the loss payee.

8. This claim shall be treated by the Trustee as a long term obligation pursuant to 11 U.S.C. § 1322(b)(5), and the Trustee need not allocate interest and principal in the disbursements to Inland Bank.

8. The Debtors waive discharge of this post-petition debt to Inland Bank. The monthly payments to Inland Bank shall be disbursed with all other secured claims. Inland Bank's claim for post-petition financing is a continuing debt under 11 U.S.C. § 1328(a)(1) and is not subject to discharge thereunder.

9. Accordingly, the Order Confirming Chapter 13 Plan of 04/25/2016 shall be modified to provide that the Debtors' obligation to Inland Bank is a secured obligation and shall be paid directly by the debtor after completion of the Chapter 13 plan pursuant to the terms of the agreement between the Debtor and Inland Bank.

10. The parties further agree that should the Debtors default on the plan payments or insurance, Inland Bank shall notify Debtors and Debtors' counsel of the default and, if the default is not cured within ten (10) days of such notice, Inland Bank may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "Notice of Default Constituting Order of Relief From Stay" without the necessity of the filing of a motion for a hearing in this Court.

11. No other creditors are affected by this Modification.

**This order was signed and entered electronically as indicated at the top of the page.**

Approved for Entry:

   /s/ J. ROBERT HARLAN
J. ROBERT HARLAN BPR No. 010466
Harlan, Slocum & Quillen
Attorney for the Debtor
39 Public Square
PO Box 949
Columbia, TN 38402-0949
Phone - 931/381-0660
Fax - 931/381-7627
bknotices@robertharlan.com


## /s/ Henry E. Hildebrand, III

Henry E. Hildebrand, III
Chapter 13 Trustee
P.O. Box 340019
Nashville, TN 37203-0019
Phone - 615/244-1101
Fax - 615/242-3241
aoecf@ch13nsh.com

Digitally signed by /s/ Henry E. Hildebrand, III
DN: cn=/s/ Henry E. Hildebrand, III, o=Chapter 13 Trustee's Office, ou=Finance (51), email=pleadings@ch13nsh.com, c=US
Date: 2016.06.13 16:10:54 -05'00'